<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CLOYD CHAMBERS,<br><br>    Defendant. | No. 26–cr–72 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is the report and recommendation of the Hon. José R. Almonte, U.S.M.J., which recommends that the Court grant Defendant Cloyd Chambers's motion to dismiss[1] the complaint[2] in this action because the United States has failed to secure a timely indictment in accordance with the dictates of the Speedy Trial Act, 18 U.S.C. §§ 3161–74, and in turn, dismiss the Complaint with prejudice. D.E. 16 ("R&R"). For the reasons explained below, the Court will **ADOPT** the R&R, **GRANT** Defendant's Motion, **DISMISS** the Complaint *with prejudice*, and **ORDER** the Government to release Defendant.

**I.    BACKGROUND[3]**

A few years ago, Defendant was released from the custody of the U.S. Immigration and Customs Enforcement ("ICE") on an ICE Order of Supervision ("OSUP"), which included certain supervision requirements for Defendant. In July 2025, the Government learned that Defendant was not in compliance

---

[1] D.E. 14 ("Motion" or "Mot.").

[2] D.E. 1 ("Complaint" or "Compl.").

[3] Unless stated otherwise, all facts in this section are taken from the R&R, and citations to other files on the docket have been omitted, unless there is a direct quotation.

with his OSUP[4] and sought to arrest him to determine whether he should reenter ICE custody or remain under supervision.

On July 17, 2025, the Government went to arrest Defendant outside his residence in Newark, New Jersey. Defendant was seen leaving his home and entering his car, at which point, agents used multiple vehicles to block him from driving away. Defendant did not comply with the agents' demands for him to exit his vehicle. Due to his non-compliance, an agent broke Defendant's car window, and Defendant and law enforcement then had a struggle inside Defendant's car. In the process, Defendant attempted to drive away, causing one agent to be dragged a short distance and injured; this also caused damage to a law enforcement vehicle.

Following this incident, the Government charged Defendant with assaulting, resisting, and impeding certain officers or employees in violation of 18 U.S.C. § 111(a)(1) and (b). On August 27, 2025, Defendant was denied bail at his initial appearance.

The Government and defense counsel agreed to one continuance order, which excluded time under the Speedy Trial Act from September 3, 2025, through October 27, 2025. No additional continuances were entered, and at the end of the thirty-day period the Government had under the Speedy Trial Act to present the case to a grand jury and seek an indictment or file an information, Defendant moved to dismiss the Complaint. However, Defendant failed to include a formal brief with his motion, and therefore, Judge Almonte: (1) administratively terminated the motion; and (2) ordered the parties to meet-and-confer regarding a potential resolution. After the parties failed to reach an agreement, Defendant filed the Motion. The Government did not respond.

On January 22, 2026, Judge Almonte issued the R&R, in which he recommended that this Court grant Defendant's Motion. Judge Almonte explained that under the Speedy Trial Act, the Government's

---

[4] Defendant disputes any non-compliance with his OSUP conditions. *See* D.E. 18.

failure to secure an indictment or information required the Court to dismiss the Complaint, and therefore, the only question before him was whether the Complaint should be dismissed with or without prejudice. Judge Almonte proceeded to analyze the factors set forth in 18 U.S.C. § 3162(a)(1), which direct a court determining whether to dismiss a case with or without prejudice to consider: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Judge Almonte first determined that "[d]espite Defendant's assertions, and the Government's silence . . . the charged offenses as alleged in the Complaint are serious and weigh in favor of a dismissal without prejudice." R&R at 7. As alleged in the Complaint, due to Defendant's non-compliance during his arrest, an agent was dragged a short distance and required multiple sutures. In addition, Judge Almonte noted that "the seriousness of the offenses is bolstered by the potential maximum term of imprisonment for the enhanced penalty charge, which is up to twenty years." *Id.* Accordingly, Judge Almonte concluded that Defendant's charges are serious for purposes of the Speedy Trial Act and that this factor weighed in favor of dismissal without prejudice.

Regarding the second factor—the facts and circumstances of the case—Judge Almonte identified a "pattern of neglect by the Government." *Id.* at 9. This conclusion was reached given the Government's failure to: (1) secure an indictment or informant within the time limits sets forth in the Speedy Trial Act; (2) respond to defense counsel's requests to discuss the Speedy Trial Act issue, in direct contravention of this Court's December 5, 2025, Order requiring the parties to do so; (3) file any opposition to Defendant's Motion. Given this pattern of neglect, Judge Almonte found the second factor weighed in favor of dismissing the Complaint with prejudice.

Judge Almonte then analyzed the third factor—the impact of reprosecution and the prejudice to Defendant. While he determined there was insufficient information in the record to support Defendant's

contention that the Government engaged in prosecutorial misconduct, Judge Almonte did find, based on Defendant's assertions in his Motion and the Government's silence, that "Defendant suffered actual, specific prejudice as a result of the delay in this case due to his continued detainment as exhibited by his severe mental anguish and stress, and the loss of his liberty, employment, and his family's ability to purchase a new home as planned." *Id.* at 10-11. Accordingly, Judge Almonte reasoned that reprosecution would run counter to the Sixth Amendment right to a speedy trial and to the administration of justice.

After considering these factors, Judge Almonte held that, on balance, the statutory factors weighed in favor of dismissal with prejudice. He therefore recommended that this Court dismiss the Complaint with prejudice.

## II.   LEGAL STANDARD

When magistrate judges address dispositive motions, including motions to dismiss, they submit a report and recommendation to the district court. The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation." 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2). If there has been a timely objection to the report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where no objection has been made to a report and recommendation within fourteen days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge). Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

III.    ANALYSIS

The Court first notes that the Government has failed to file any submission in response to Judge Almonte's R&R and the deadline to do so has passed. *See* Dkt; 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). In fact, the only response the Court received was from Defendant, who urges the Court to dismiss the Complaint with prejudice because "[t]he Government has failed to respond at all to any orders of the Court in months, choosing rather to merely allow [Defendant] to languish wrongfully in jail. . . ." D.E. 18. Accordingly, there have been no objections to the R&R.

After reviewing the R&R and the relevant items on the docket, the Court finds no clear error. Judge Almonte cogently explained why, on balance, the factors delineated in 18 U.S.C. § 3162(a)(1) weigh in favor of dismissing the Complaint with prejudice. Therefore, the Court will **ADOPT** the R&R in its entirety. Accordingly,

**IT IS**, on this **17th** day of February 2026;

**ORDERED** that the R&R, D.E. 16, is **ADOPTED**; and it is further

**ORDERED** that Defendant's Motion, D.E. 14, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Government shall release Defendant from ICE custody within 48 hours of this Order; and it is further

**ORDERED** that the Government shall file a letter on the docket within 3 days of Defendant's release confirming Defendant's release; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

*Evelyn Padin*
Evelyn Padin, U.S.D.J.